IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2013

**VENUS L. VIERA VS. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2011A147     J. Randall Wyatt, Jr., Judge**

**No. M2012-02037-CCA-R3-PC   Filed October 16, 2013**

Petitioner, Venus L. Viera, plead guilty in the Davidson County Criminal Court to one count
of aggravated robbery.  Pursuant to her plea agreement, Petitioner agreed to a sentence of
eight years to be served at eighty-five percent incarceration.  Petitioner filed a petition for
post-conviction relief in which she argued that she was afforded ineffective assistance of
counsel and that she entered her guilty plea unknowingly and involuntarily.  The post-
conviction court held an evidentiary hearing and subsequently entered a written order
denying the petition.  Petitioner appeals to this Court.  After a thorough review of the record,
we conclude that the denial of the petition should be affirmed.  However, in our review of
the record, we have discovered that the judgment form provides that the sentence is eight
years to be served at 100 percent.  Therefore, in addition to affirming the denial of the
petition for post-conviction relief, we remand for the entry of a corrected judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed and**
**Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT,
JR., and ROBERT W. WEDEMEYER, JJ., joined.

Chelsea Nicholson, Nashville, Tennessee, for the appellant, Venus L. Viera.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant
Attorney General; Victor S. Johnson, III, District Attorney General, and Brian Ewald,
Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

The following underlying facts were recited at Petitioner's guilty plea hearing:

> [O]n October 11, 2010 the victim in this case Victor Perez was called by [Petitioner] who he knew to come pick her up and to drive her somewhere. Mr. Perez drove to where she told him to drive which was 550 Harding Place here in Davidson County. When he arrived [Petitioner] as well as an unknown male individual were waiting for him, the male individual produced a weapon, a handgun from his waistband pointed it at Mr. Perez and demanded all of his belongings and Mr. Perez turned over his belongings, his wallet containing money and his cellphone and his car keys to [Petitioner]. [Petitioner] had also taken the keys out of the ignition of the vehicle when Mr. Perez pulled up so he wasn't able to drive away. [Petitioner] and this unknown individual then exited Mr. Perez's vehicle and fled the scene on foot.

The Davidson County Grand Jury indicted Petitioner for aggravated robbery in February 2011. On June 22, 2011, Petitioner pled guilty to aggravated robbery. Pursuant to the plea agreement, Petitioner was sentenced to eight years to be served at eighty-five percent. In addition, the trial court ordered that Petitioner have no contact with the victim.

On March 21, 2012, Petitioner filed a pro se petition for post-conviction relief arguing that she was afforded the ineffective assistance of counsel. Counsel was appointed and an amended petition was filed. The amended petition argued that Petitioner received ineffective assistance of counsel and entered her plea involuntarily and unknowingly.

The post-conviction court conducted an evidentiary hearing on July 9, 2012. Petitioner was the sole witness at the hearing. She stated that she met with trial counsel and reviewed the discovery material. Petitioner also testified that a few weeks before she entered her guilty plea, she gave the name of the unnamed man involved in the robbery to trial counsel. Petitioner believed that trial counsel had provided the name to the district attorney's office. Petitioner stated that she knew that the unknown man's picture had been placed in a photographic lineup, but the victim could not identify him.

Petitioner stated that she had a tenth grade education and could read and write. She stated that when she entered her guilty plea, she was taking both Risperdal and Zoloft. The victim stated that she believed these medications were affecting her to the point where she was not making "as conscious of . . . a choice as [she] thought [she] was at the time." She

admitted that she had not informed the trial court that she was taking the medications at her guilty plea hearing. She stated that upon entering the Tennessee Prison for Women she was immediately taken off of the Risperdal because it is an antipsychotic drug, and she has a diagnosis of bipolar disorder.

Petitioner testified that she pled guilty to the eight years because she was told that she would get twelve years if she had gone to trial, not that it was possible she would get twelve years. She stated that she pled guilty because she "felt like there was no other option" for her. She was under the impression that her sentence would be worse if she had gone to trial. Petitioner stated that she accepted the guilty plea because she believed that was all she "was ever going to get offered." She also stated that trial counsel informed her that eight years at eighty-five percent was the minimum sentence for aggravated robbery. She stated that she knew this before her plea.

On May 2, 2012, the post-conviction court filed an order denying her petition.

## ANALYSIS

On appeal, Petitioner argues that the post-conviction court erred in denying her petition because she was afforded ineffective assistance of counsel and that her guilty plea was entered unknowingly and involuntarily. The State disagrees.

*Post-conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing by clear and convincing evidence that

"(a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial." *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996); *see also* T.C.A. § 40-30-110(f). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that the issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . .; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, Petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. 466 U.S. 668, 694 (1984). However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

On appeal, Petitioner argues that trial counsel was deficient because he did not allow

her to look at the discovery in her case long enough to make a decision and did not provide her with the discovery materials and she did not attend the preliminary hearing; he told her that if she gave the name of the other individual involved in the robbery, she would get a lower offer, but a lower offer did not happen; he did not zealously represent her; he failed to investigate the facts of the case; and he failed to inform her of the facts and evidence going to be used against her.

With regard to the discovery issue the post-conviction court made the following findings:

> The Petitioner also alleges that [trial counsel] was ineffective for failing to provide a copy of the discovery and the preliminary hearing. The Court accredits the Petitioner's testimony that despite not receiving a copy of the discovery, she did get an opportunity to view all of the discovery in her case. . . . The Court finds that this was a rather simple case. The Court finds that [trial counsel] had multiple conversations with the Petitioner, in addition to the Petitioner reviewing the discovery during a jail visit, the Court finds that the Petitioner failed to prove, by clear and convincing evidence, that [trial counsel] was ineffective for failing to provide her with a copy of the discovery or the preliminary hearing.

With regard to the naming of the other individual involved in the robbery, the post-conviction court made the following findings:

> The Petitioner also alleges that [trial counsel] was ineffective for not helping her reduce her sentence. The Petitioner submits that [trial counsel] informed her that he would be able to secure a more favorable sentence for the Petitioner provided that the Petitioner produced the other individual that was involved in the aggravated robbery. The Court accredits the Petitioner's testimony that [trial counsel] provided the individual's name to the State, but [the victim] could not identify the individual in a photographic lineup, so the State was unwilling to negotiate a reduced sentence. The Court finds that this issue is without merit, as [trial counsel] provided the name to the State which Petitioner had provided to him. The Court finds that [trial counsel] could not, under these circumstances, be deemed ineffective when he made efforts to secure a more favorable settlement for the Petitioner.

Petitioner's remaining allegations are not accompanied by any specific examples of

how trial counsel failed to zealously represent her, failed to inform her of the fact and evidence to be used against her, and failed to investigate the facts of the case. The post-conviction court stated that "it is clear that [trial counsel] discussed the case at length with Petitioner, but it is unclear what additional investigation the Petitioner wanted . . . ." Additionally, the post-conviction court concluded that Petitioner was unable "to prove, by clear and convincing evidence, that [trial counsel] was ineffective" with regard to any of her issues.

Petitioner has failed to show that but for trial counsel's alleged deficiencies, she would have refused to plead guilty and insisted on going to trial. Petitioner testified at trial that she was shown the discovery materials. She also testified that she knew that the named individual's picture was shown to the victim in a photographic lineup, but the victim could not identify him. Furthermore, she stated that she knew that the minimum sentence for the charged offense was eight years to be served at eighty-five percent, which is exactly the sentence Petitioner received pursuant to her plea agreement. She stated, "I pleaded to it because there was no other option for me to plead to except more time." She said that she knew that the maximum sentence was twelve years.

Petitioner has not proven that trial counsel's representation was deficient or that she would not have pled guilty without the alleged errors and gone to trial. Petitioner stated herself that she pled because the eight-year sentence was the lowest she could get. It is up to the trial court to determine credibility of witnesses and the post-conviction court's findings have the weight of a jury verdict. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). Therefore, Petitioner has not met either prong under *Strickland*.

*Guilty Plea*

Petitioner also argues that the post-conviction court erred in dismissing her petition because she entered her plea unknowingly and involuntarily. The State disagrees.

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977), *superceded on other grounds by* Tenn. R. Crim. P. 37(b) and Tenn. R. App. P. 3(b). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242; *see Pettus*, 986 S.W.2d at 542. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. 553 S.W.2d at 340; *see Pettus*, 986 S.W.2d at 542. The standard is the same for a "best interest" or

*Alford* plea, that is, "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S .W.2d at 904.

Petitioner argues that her guilty plea was entered unknowingly because she was on two medications, Zoloft and Risperdal, when she entered her plea. The post-conviction court made the following findings:

> The Court finds that the records reflect that the Petitioner was taking both types of medications prior to entering the guilty plea. . . . The Petitioner testified, reflecting back after entering her guilty plea, that those medications "may have" had an effect on her. The Court finds that the Petitioner based this conclusion on the fact that the medical personnel at the Tennessee Prison for Women took her off of the Risperdal upon her arrival because it was an anti-psychotic. The Court finds, however, that other medical personnel from the Mental Health Co-op prescribed the Risperdal originally. The Court finds that the Petitioner failed to provide any additional medical proof at the hearing, such as a medical expert, regarding the effect, if any, of Risperdal on an individual with bipolar disorder. After reviewing the transcript of the entry of the guilty plea, the Court finds that the Petitioner did not inform the Court that she was under the influence of any prescribed medications that were affecting her judgment but did inform the Court that she understood what she was doing. . . . The Court, therefore, finds that the Petitioner failed to establish, by clear and convincing evidence, that the Petitioner's prescribed medications caused her to enter the guilty plea unknowingly or involuntarily.

As stated above, post-conviction court's factual findings are given a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. We have found nothing in the record to preponderate against the post-conviction court's findings. Petitioner has failed to prove that these medications affected her ability to understand the proceedings when she entered her guilty plea.

The transcript of the guilty plea hearing reflects that the trial court discussed the

ramifications of the guilty plea with Petitioner. She was thoroughly questioned by the trial court to ascertain whether she understood the effects of the plea. The plea hearing also indicates that Petitioner knew what she was doing, understood the plea, and agreed that it was what she wanted to do to resolve the case. Petitioner has failed to show by clear and convincing evidence that she received ineffective assistance of counsel or that her guilty plea was involuntary. Moreover, Petitioner has failed to prove she did not understand the consequences of her plea.

## **Judgment**

After a review of the record, we conclude that an error was made in the imposition of Petitioner's sentence with regard to the release eligibility date.

The plea agreement sets out that in exchange for her guilty plea, Petitioner agrees to an eight-year sentence to be served at eighty-five percent incarceration. In addition, when Petitioner was questioned at the post-conviction hearing by both Petitioner's counsel and the Assistant District Attorney, who was also represented the State at the plea colloquy, both Petitioner's counsel and the Assistant District Attorney stated that the sentence resulting from the guilty plea was eight years to be served at eighty-five percent. However, at the plea colloquy itself, the Assistant District Attorney stated that Petitioner was being sentenced to the minimum sentence "which is an 8 year sentence at 100 percent." The trial court subsequently stated that Petitioner's sentence was eight years to be served at 100 percent as a violent offender. The judgment form reflects that Petitioner's sentence is eight years to be served at 100 percent.

However, at the time of sentencing, the minimum sentence for aggravated robbery was eight years to be served at eighty-five percent incarceration. Tennessee Code Annotated section 40-35-501(k)(1) states the following:

> There shall be no release eligibility for a person committing aggravated robbery, as defined in § 39-13-402(a)(1), on or after July 1, 2010, until the person has served *eighty-five percent (85%)* of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce below seventy percent (70%) the percentage of sentence imposed by the court such person must serve before becoming release eligible.

(emphasis added). At the time of her sentencing, aggravated robbery was not a violent offense which requires at release eligibility of 100 percent. *See* T.C.A. § 40-35-501(i)(1) & (2)(B).

In light of these facts, we conclude that an error was made with regard to sentencing Petitioner to a release eligibility of 100 percent. We conclude that the plea agreement, as well as statements made by Petitioner's counsel and the Assistant District Attorney, reflect that the intention was to sentence Petitioner to a release eligibility of eighty-five percent as is the minimum set out in the statute.

At the time that Petitioner's plea was entered, the statute in question was relatively new. This Court understands that this is most likely the source of the confusion in this case. Therefore, we remand for the entry of a corrected judgment.

## CONCLUSION

For the foregoing reasons, we affirm the denial of Petitioner's petition for post-conviction relief and remand for the entry of a corrected judgment.

_____
JERRY L. SMITH, JUDGE